| | | |
|---|---|---|
| JOANN POLLOCK, | ) | |
| | ) | **Lawrence Chancery** |
| Plaintiff/Appellee, | ) | No. 7856-96 |
| | ) | |
| VS. | ) | |
| | ) | **Appeal No.** |
| DONNIE F. POLLOCK, | ) | 01A01-9706-CH-00271 |
| | ) | |
| Defendant/Appellant. | ) | |

FILED

February 6, 1998

Cecil W. Crowson
Appellate Court Clerk

### IN THE COURT OF APPEALS OF TENNESSEE
### MIDDLE SECTION AT NASHVILLE

### APPEAL FROM CHANCERY COURT OF LAWRENCE COUNTY
### AT LAWRENCEBURG, TENNESSEE

### HONORABLE ROBERT L. JONES, JUDGE

W. Charles Doerflinger, Esquire
P.O. Box 692
Lawrenceburg, TN 38464
ATTORNEY FOR PLAINTIFF/APPELLEE

Randy Hillhouse, Esquire
FREEMON, HILLHOUSE & HUDDLESTON
P.O. Box 787
Lawrenceburg, TN 38464
ATTORNEY FOR DEFENDANT/APPELLANT

## AFFIRMED AND REMANDED.

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

BEN H. CANTRELL, JUDGE
WILLIAM C. KOCH, JR., JUDGE

| JOANN POLLOCK, | ) | |
|---|---|---|
| | ) | **Lawrence Chancery** |
| Plaintiff/Appellee, | ) | No. 7856-96 |
| | ) | |
| VS. | ) | |
| | ) | **Appeal No.** |
| DONNIE F. POLLOCK, | ) | 01A01-9706-CH-00271 |
| | ) | |
| Defendant/Appellant. | ) | |

# O P I N I O N

The defendant, Donnie F. Pollock, has appealed from the judgment of the Trial Court awarding the plaintiff a divorce on grounds of adultery and inappropriate marital conduct, awarding plaintiff, $8,000.00 alimony in solido and $500.00 per month alimony until she reaches 65 years or one of the parties dies; ordering defendant to pay $2,400.00 of plaintiff's attorneys fees, and distributing the marital estate and liability for debts.

Defendant presents two issues, the first of which is the award of alimony.

The parties were married 31 years. Their only child is an adult. The wife is 50 years old, holds a high school diploma and worked as a seamstress in a shirt factory for 22 years. After 14 years with her last employer, she resigned because she was unable to maintain the required production speed of 10,000 operations per day. She is now taking medication for depression under orders of her physician.

The husband has been employed by a machinery manufacturer for 19 years. He holds a "desk job" at $39,000.00 per year.

The wife testified that her needs included the following:

| | |
|---|---|
| Utilities ............. | $215 to 225 per month |
| Food .................. | $200 to 300 per month |
| Medicine ............ | $40 |
| Clothing ............. | No stated amount |
| Make-up ............. | No stated amount |
| Entertainment ..... | No stated amount |

The sum of the specific amounts stated above is $455.00 to $565.00, which is sufficient to support the award of $500.00 per month alimony.

-3-

Trial Courts exercise broad discretion in respect to the amount and duration of spousal support, and such decisions are entitled to great weight on appeal. TCA § 36-5-101(d)(I); *Wilson v. Moore,* Tenn. App. 1996, 929 S.W.2d 367.

Appellant complains that alimony, if allowed, should be rehabilitative and limited. No evidence is cited or found to support a finding that the wife is presently rehabilitable. Her testimony convinced the Trial Judge that, at the time of trial, she was not able to work. The periodic alimony remains within the control of the Trial Court which has the power to modify it at any time changed circumstances justify. TCA § 36-5-101(a)(I).

Appellant's second issue complains of the award of $2,400.00 attorneys fee "when the appellee had the ability to pay." Appellant cites evidence of the wife's former earnings, but no evidence of any earnings at the time of trial. No evidence is found that, at the time of trial, any funds were available to plaintiff for the payment of her counsel. The allowance of attorneys fees in a divorce action rests within the sound discretion of the Trial Judge which will not be disturbed on appeal in the absence of a clear showing of error. *Aaron v. Aaron*, Tenn. 1995, 909 S.W.2d 408.

The allowance of attorneys fees to a spouse is not in order where the spouse is possessed of adequate property or income to pay for legal services. *Duncan v. Duncan*, Tenn. App. 1984, 686 S.W.2d 568.

Where the spouse demonstrates inability to afford counsel, attorneys fees may be property allowed. *Kincaid v. Kincaid*, Tenn. App. 1995, 912 S.W.2d 140.

The judgment of the Trial Court is affirmed. Counsel fees on appeal are awarded to the wife in an amount to be ascertained by the Trial Court on remand. Costs of this appeal are assessed against the appellant and his surety. The cause is remanded to the Trial Court for further proceedings.

## AFFIRMED AND REMANDED.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE